● **ORIGINAL** ●

N:\MFrye\cases\WrightCMP.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMMI D. WRIGHT,                        :
                                        :
                  Plaintiff             : NO. 1:CV-00-1657
                                        :
            v.                          : (JURY TRIAL)
                                        :
BEULAH HADRICK,                         : (Judge Rambo)
CHARLEEN SZABO,                         :
SCOTT SHREVE and                        :
     RAY KENT,                          :
                                        :
                  Defendants            :

FILED
HARRISBURG

MAR 1 4 2002

MARY E. D'ANDREA, CLERK
Per_____
       DEPUTY CLERK

### CASE MANAGEMENT REPORT

**1.0.  Principal Issues.**

    1.10.   Separately for each party, please give a statement
            summarizing this case:

        By Plaintiff(s):

    Plaintiff was abused by her supervisors for
complaining to her U.S. Senator about the conditions
veterans were experiencing and for objecting to
retaliation against her for writing to her Senator.

        By Defendant(s):

    This is a <u>Bivens</u> action brought by an employee of the
Veterans' Administration against several co-workers,
including at least one supervisor.  The Court has already
dismissed all of Plaintiff's claims except her claim based
upon alleged violation of her First Amendment rights.

    It is Defendants' position that Plaintiff is not
entitled to any of the relief requested because she has
already entered into settlement of a Merit Systems
Protection Board proceeding based upon the same events
alleged in this action.

N:\MFrye\cases\WrightCMP.wpd

Finally, it is Defendants' position that Plaintiff cannot sustain her burden of proving that any of Defendants took any actions against her in retaliation for her exercise of her First Amendment rights (sending a letter to a United States Senator).

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11.   Whether Defendants Szabo and Kent took any adverse actions against Plaintiff at any time.

1.12.   Whether any Defendants were aware of Plaintiff's letter to Senator Specter at the time any adverse actions were taken against Plaintiff.

1.13.   Whether any Defendants were motivated by intent to retaliate for exercise of First Amendment rights when any adverse actions were taken against Plaintiff.

1.14.

1.15

1.16

1.17

<u>Agree</u> upon are:

1.20.   Plaintiff is employed by the Veterans' Administration.

1.21.   Defendant Hadrick is employed by the Veterans' Administration as Clinical Manager, Extended Care Product Line.  At all relevant times she supervised Plaintiff.

1.23.   Defendant Szabo is Chief Executive Officer at the Department of Veterans Affairs Medical Center, Lebanon, Pennsylvania.

1.24.   Defendant Shreve is Associate Chief of Staff for Extended Care, VA Medical Center, Lebanon, Pennsylvania.

1.25.   Defendant Kent is Chief, Human Resource Management Services, Lebanon VA Medical Center.

N:\MFrye\cases\WrightCMP.wpd

1.26.   In March or April of 2000, Plaintiff was docked eight hours of pay, which was later restored.

1.27.   In April, 2000, Plaintiff wrote a letter to Senator Arlen Specter complaining about alleged reductions in services to veterans and about disciplinary actions taken against Plaintiff by the Lebanon VA Medical Center.

1.30.   The principal legal issues that the parties dispute are:

1.31.   Whether Plaintiff has perfected service on the Defendants.

1.32.   Whether Plaintiff's letter or letters to Senator Specter constituted speech on a subject of public importance and were thereby protected speech.

1.33.   Whether Plaintiff suffered any type of retaliation by any of Defendants as a result of exercise of First Amendment rights.

1.34.   Whether any adverse actions taken by any Defendants against Plaintiff would have been taken even in the absence of her exercise of First Amendment rights.

1.35.   Whether Plaintiff's Bivens action is precluded by her settlement of a Merit Systems Protection Board proceeding and an EEO complaint based upon the same event alleged in this action.

Agree upon are:

1.40.   Public employees retain their constitutionally protected interest in freedom of expression. Keyishian v. Board of Regents, 385 U.S. 589 (1967).

1.41.   When a public employee comments on matters of public concern, the interests of the employee in free expression must be balanced with the interests of the employer in promoting the efficiency of the public service it performs to determine whether such speech is protected. Pickering v. Board of Education, 391 U.S. 563 (1968).

N:\MFrye\cases\WrightCMP.wpd

1.42.   When the subject matter of the speech is only of personal interest, First Amendment rights are not implicated.  <u>Connick v. Myers</u>, 461 U.S. 146 (1983).

1.43.   Plaintiff bears the burden of showing that the exercise of a constitutional right was the motivating factor in an adverse employment decision. <u>Mt. Healthy City School Dist. v. Doyle</u>, 429 U.S. 286 (1977).

1.44.   If Plaintiff carries her burden, the employer is still not liable if it can show by a preponderance of the evidence that it would have reached the same decision even in the absence of protected conduct. <u>Id</u>.

1.50.   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

1.60.   Identify any named parties that have not yet been served:

1.70.   Identify any additional parties that:

        plaintiff(s) intend to join:

        None.

        defendant(s) intend to join:

        None.

1.80.   Identify any additional claims that:

        plaintiff(s) intend to add:

        None.

        defendant(s) intend to add:

        None.

N:\MFrye\cases\WrightCMP.wpd

**2.0. Alternative Dispute Resolution ("ADR").**

    2.10.    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

            ADR procedure _____ .

            Date ADR to be commenced _____ .
            Date ADR to be completed _____ .

    2.20.    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

            Defendant believes mediation would be helpful.

    2.30.    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**3.0. Consent to Jurisdiction by a Magistrate Judge.**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this Court: _____ YES ___X___ NO

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

            _____ Scranton
            _____ Wilkes-Barre
            _____ Harrisburg

**4.0. Disclosures.**

    4.100.    Separately for each party, list by name and title/position each person whose identity has been disclosed:

N:\MFrye\cases\WrightCMP.wpd

4.101.   Disclosed by plaintiff:

|  | Name | Title/Position |
|---|---|---|
| 4.102. | Sammi D. Wright | Plaintiff |
| 4.103. | Tom Bowman | Senatorial Aide |
| 4.104. | Arlen Specter | U.S. Senator |
| 4.105. | Beulah Hadrick | Supervisor |
| 4.106 | Charlene Szabo | Supervisor |
| 4.107 | Scott Schreve | Supervisor |
| 4.108 | Ray Kent | Supervisor |

4.151.   Disclosed by defendant:

|  | Name | Title/Position |
|---|---|---|
| 4.152. | | |
| 4.153. | | |
| 4.154. | | |
| 4.155. | | |

4.200.   Separately for each party, describe by categories the
documents that have been disclosed or produced
through formal discovery, indicating which categories
relate (even if not exclusively) to damages:

4.201.   Categories of documents disclosed by plaintiff:

4.202.

4.203.

4.203.

4.251.   Categories of documents disclosed by defendant:

4.252.

N:\MFrye\cases\WrightCMP.wpd

4.253.

4.254.


4.300.  <u>Additional Documents Disclosures</u>.  Separately for
        each party, describe each additional category of
        documents that will be disclosed without imposing on
        other counsel the burden of serving a formal request
        for production of documents:

4.301.  Additional categories of documents plaintiff  will
        disclose:

4.302.  Plaintiff will disclose correspondence relevant to
        this litigation as well as any other documents or
        writings having anything to do with this case or with
        damages in her administrative case.

4.303.

4.304.


4.351.  Additional categories of documents defendant will
        disclose:

4.352.  Defendant will disclose all non-privileged documents
        in its files which relate to Plaintiff's employment
        and her communications with Senator Specter, to the
        extent permitted by law.

4.353.

4.354.


4.400.  Separately for each party who claims an entitlement
        to damages or an offset, set forth the computation of
        the damages or the offset:

4.401.  Plaintiff's calculation of damages:


4.402.  Defendant's calculation of offset:


4.403.  Counter-claimant/third-party claimant's calculation
        of damages:

N:\MFrye\cases\WrightCMP.wpd

## 5.0. Motions.

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated</u> <u>Filing Date</u> |
|---|---|---|
| Motion for Summary Judgment | Defendants | After close of Discovery |

## 6.0. Discovery.

6.100.   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):


By defendant(s):


6.200.   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Depositions of Plaintiff and all four Defendants.

Voluntary exchange of documents.

Interrogatories.

6.300.   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Defendants anticipate that plaintiff will seek to depose Senator Arlen Specter and his Senatorial Aide Tom

N:\MFrye\cases\WrightCMP.wpd

Bowman.   This assumption is based on plaintiff's
disclosure of these individuals as potential witnesses.
Defendants object to any discovery related to these
individuals because they are not in possession of any
information which could possibly be relevant to this
case or which might lead to evidence relevant to this
case.   Any discovery related to these individuals would
be extremely burdensome and disruptive to the
performance of their important duties.

6.400.   Identify any <u>subject area limitations on discovery</u>
that one or more parties would like imposed, at the
first stage of or throughout the litigation.

6.500.   For each of the following discovery tools, <u>recommend
the per-party or per-side limitation</u> (specify a
number) that should be fixed, subject to later
modification by stipulation or court order on an
appropriate showing.   Where the parties cannot agree,
set forth separately the limits recommended by
plaintiff(s) and by defendant(s).

6.501.   Depositions (excluding experts) to be taken by:

Plaintiff(s):                    Defendant(s):
        5                                5

6.502.   Interrogatories to be served by:

Plaintiff(s):                    Defendant(s):

        25                               25

6.503.   Document production requests to be served by:

Plaintiff(s):                    Defendant(s):

        2                                2

6.504.   Requests for admissions to be served by:

Plaintiff(s):                    Defendant(s):

        10                               10

6.600.   All discovery commenced in time to be completed by:

N:\MFrye\cases\WrightCMP.wpd

October 1, 2002

6.700. Reports from retained experts due:

From plaintiff(s) by:

October 15, 2002

From defendant(s) by:

November 15, 2002

6.800. Supplementations due:

**7.0. Protective Order.**

7.1. If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2. If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0. Certification of Settlement Authority (All Parties Shall Complete the Certification).**

I hereby certify that the following individual(s) have settlement authority:

**FOR THE PLAINTIFFS:**

(Insert name, address, & telephone number)

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

(717) 221-9500

**FOR THE DEFENDANTS:**

(Insert name, address, & telephone number)

Mary Catherine Frye

N:\MFrye\cases\WrightCMP.wpd

228 Walnut Street
Harrisburg, PA 17108

(717) 221-4482

**9.0. Scheduling.**

9.1. This case may be appropriate for trial in approximately:

\_\_\_\_\_ 240 days from the filing of the complaint

\_\_\_\_\_ 365 days from the filing of the complaint

2 years from the filing of the action in this court, because of delays in service and because parties did not begin discovery until after decision of Defendants' motion to dismiss.

9.2. Suggested date for Trial:

_____(Month/year)

January, 2003

9.3. Suggested date for the final Pretrial Conference

_____(Month/year)

November, 2002

9.4. Final date for joining additional parties:

5/1/02   Plaintiff(s)

5/1/02   Defendant(s)

9.5. Final date for amending pleadings:

5/1/02   Plaintiff(s)

5/1/02   Defendant(s)

9.6. All potentially dispositive motions should be filed by:

December 1, 2002

N:\MFrye\cases\WrightCMP.wpd

**10.0.   Other matters.**

Make any other suggestions for the case development process,
settlement, or trial that may be useful or necessary to the
efficient and just resolution of the dispute.

**11.0.   Identification of Lead Counsel.**

Identify by name, address, and telephone number, lead counsel
for each party.

**FOR PLAINTIFFS:**

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

(717) 221-9500

**FOR DEFENDANTS:**

Mary Catherine Frye
228 Walnut Street
Harrisburg, PA 17108

(717) 221-4482

Dated: _____
                    Attorney for Plaintiff(s)

Dated: _____
                    Attorney for Defendant(s)

N:\MFrye\cases\WrightCMP.wpd