

4-5-02

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sammi D. Wright | : | **CIVIL ACTION NO.**  1:00-CV-1657 |
| | : | Judge Rambo |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Beulah Dadrick, et al. | : | |
| | : | |
| Defendant | : | |



FILED

APR 5 2002

PER _____
HARRISBURG, PA   DEPUTY CLERK

## CASE MANAGEMENT ORDER

1. **COUNSEL AND <u>PRO SE</u> LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER**.

2. Counsel are encouraged to consent to the disposition of this case by the United States magistrate judge pursuant to 28 U.S.C. § 636(c).

3. The captioned case is placed on the <u>December 2002</u> trial list.  Jury selection for trials on the December 2002 list will commence at <u>9:30 a.m.</u> on <u>December 2nd, 2002</u> in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Trials will commence following the completion of jury selections. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list.  Counsel may contact the court one week prior to the scheduled jury selection to determine the approximate starting date.  However, counsel should be aware that the trial list may change drastically; therefore, counsel shall be prepared to go to trial at any point during the trial term.

4. The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure.  The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling

conference.  Counsel shall not mutually agree to extend any time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court.  **Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.  All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3).  Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.**

5. DISCOVERY:

(a) Counsel shall note that this district has **not** opted-out of Federal Rule of Civil Procedure 26.  The joint case management plan contemplates discovery prior to the Rule 26(f) meeting and is, therefore, deemed to be an exception to the limitation on discovery contained in the first sentence of Rule 26(d).  Counsel shall not cease active discovery pending disposition of a motion to dismiss.

(b) All discovery shall be completed by August 15th, 2002, and shall be completed by the parties expeditiously and diligently.  **In the event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions.**  Parties who are having, or anticipate having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports **in time to meet the deadline**.

6. MOTIONS:

(a) Dispositive motions <u>and</u> supporting briefs must be filed by
<u>September 13th, 2002</u>.  Briefs in support, in opposition and in reply to
summary judgment motions may be up to 15 pages in length, pursuant to
Middle District Local Rules.  In multiple defendant cases, any defendant
contemplating a dispositive motion shall confer with other defense counsel
and shall agree to file joint motions and briefs whenever possible.  Those
parties needing to brief separate issues may do so by filing separate briefs.
Parties filing motions for summary judgment shall comply with Middle District
Rule 7.4.

(b) Motions <u>in limine</u> **and** supporting briefs shall be filed no later than
<u>November 8th, 2002</u>.  Motions to exclude expert testimony, which require a
<u>Daubert</u> hearing, shall be filed no later than thirty days of receipt of the expert
report.

7. PRE-TRIAL MATTERS:

(a) A pretrial conference will be held on <u>November 27th, 2002</u> at <u>11:00
a.m.</u> in the chambers of Courtroom No. 3, Eighth Floor, Federal Building, Third
and Walnut Streets, Harrisburg,  Pennsylvania.  **<u>Counsel as well as litigants
must be present at this conference in order to have effective settlement
discussions</u>**.

(b) Local Rule 16.2, as it relates to settlement authority, will apply to this
conference.

(c) On or before <u>November 22nd, 2002</u> each party shall file through the
Clerk of Court the original and two copies of a pretrial memorandum; said

filing shall otherwise be in conformity with the local rules.  Failure to timely file pretrial memoranda will result in an appropriate sanction.  Fed. R. Civ. P. 16(f).  **Points for Charge shall be submitted with pre-trial memoranda in both print and computer disk form (preferably in MS Word or Corel Word Perfect format).**  In all other respects, the points for charge shall be in conformity with Local Rule 51.1.

(d) Plaintiff's expert report (re. Damages) shall be filed on or before August 30th, 2002.

(e) Defendant's expert report deadline shall be on or before N/A.

(f) Supplemental/Rebuttal reports are due on or before N/A.

(g) The deadline for joinder of parties is May 1st, 2002.

(h) The deadline for amendment of pleadings is May 1st, 2002.

(i) Voir dire questions shall be made part of the pretrial memorandum.

(j) If counsel file trial briefs they must be filed two (2) working days prior to commencement of the trial list.

(k) In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement.  Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States Magistrate in conducting a formal settlement conference.

(l) **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.**  This conference shall be face-to-face unless the court, upon written request, approves another arrangement.  Failure of the plaintiff to initiate the holding of the conference or

4

the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(m) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P. O. Box 983, Harrisburg, Pennsylvania 17108-0983.

(n) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses he/she expects to make. It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

(o) No later than the pretrial conference counsel shall notify the court if they wish to employ the summary jury trial procedure. The following procedures will apply to all summary jury trials:

(i) **Attendance of Parties**. Individual parties shall attend the summary jury trial. An officer or other responsible lay representative of a corporate party or a claims adjuster for a carrier of said corporate party shall attend the trial.

(ii) **Non-Binding Effect**. The summary jury trials are for settlement purposes only and are non-binding. Nothing done by counsel with reference to the summary jury trial shall be

5

binding on counsel or the parties or shall constitute a waiver. Although the proceedings are non-binding, counsel may stipulate that a consensus verdict of the jury will be deemed a final determination on the merits and the judgment may be entered thereon by the court, or they may stipulate to any other use of the verdict that will aid in the resolution of the case.

(iii) **Special Verdict Questions**.  The cases will be submitted to the summary juries by way of special verdict questions.  Counsel shall submit a joint statement of proposed special verdict questions for use at the summary jury trial to the law clerk at the pretrial conference.  Special verdict questions for the summary jury trial need not be the same as those for the regular jury trial.

(iv) **Size of Juries**.  The summary juries shall consist of six jurors who may proceed through deliberations so long as at least five jurors are present.  In two-party cases, each side shall be entitled to two peremptory challenges.  In multiple--party cases, if any party feels that more than two peremptory challenges per side should be allowed, he or she shall make such a request orally at the pretrial conference and the court will determine the number of peremptory challenges to be allowed in the case.

(v) **Presentation of the Case by Counsel**.  Prior to trial, counsel are to confer with regard to physical exhibits, including documents and reports, and reach such agreement as is possible as to the use of such exhibits.  Objections are not encouraged, but will be received if, in the course of a presentation, counsel goes beyond the limits of propriety in presenting statements as to evidence or argument thereon. Each side shall be entitled to one hour for presentation of its case.  Presentation of the case by counsel will involve a combination of argument, summarization of the evidence to be presented at the regular trial and a statement of the applicable law, but only to the extent it is needed to be known by the jury in answering the special verdict questions.  No live testimony will be presented.  Counsel may quote from depositions and may use exhibits.  Counsel shall not refer to evidence which would be inadmissible at trial.

(vi) **Applicable Law**.  At least five days prior to the summary jury trial counsel shall consult with each other in an attempt to agree upon the applicable law.  If after such consultation there is a dispute between counsel as to the applicable law to be stated to the summary jury, counsel shall

submit points for charge for use in the summary jury trial relating to such dispute as if the court were going to charge the summary jury. Such points for charge shall be submitted <u>at least 2 days before</u> the start of the summary jury trial and the court will rule on the conflicts between the parties as to the applicable law immediately before the start of the summary jury trial.

(vii) **Verdict**. The jury is encouraged to return a unanimous verdict. Barring unanimity, the jury is to submit a special verdict consisting of an anonymous statement of each juror's findings on liability and/or damages. A majority verdict shall be acceptable. The same majority need not answer each special verdict question.

(viii) **Oral Questions to Summary Jury**. After the verdict counsel may address questions in open court to the foreperson of the jury in order to learn why the jury decided as it did. Only leading questions which are susceptible of a yes or no answer or a dollar figure may be asked. The foreperson shall be entitled to decline to answer any question put to him or her. Counsel should realize that lay people normally are nervous when speaking from the jury box and counsel should phrase and present questions such that the foreperson will not feel that he or she is being harassed. No question shall be asked which would require an answer disclosing the personal view of any jury member.

Unless specifically ordered by the court, the proceedings are not recorded. Counsel may, if desired, arrange for a court reporter.

8. Counsel and <u>pro se</u> litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 920, Federal Building, Harrisburg, PA 17108. Do not send courtesy copies directly to the court unless requested by the court.

9. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the

objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

10. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

11. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

*Pre-Trial Memorandum forms available on our website: **http://www.pamd.uscourts.gov**

Dated:  4/5/02

SYLVIA H. RAMBO, Judge
Middle District of Pennsylvania

cc: Judge Sylvia H. Rambo
    Don Bailey
    Mary Catherine Frye

**This case is on the Complex track**
(based on the filing date of 9/18/00)