● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMI D. WRIGHT | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | |
| | ) | (JUDGE CONNER) |
| vs. | ) | |
| | ) | 1:CV-00-1657 |
| | ) | |
| BEULAH HADRICK, | ) | |
| CHARLEEN SAZBO, | ) | |
| SCOTT SHREVE AND | ) | |
| RAY KENT, | ) | JURY TRIAL DEMANDED |



### PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**I.) Background**

    **A.) Procedural History**

    Plaintiff filed her complaint on September 18, 2001. The complaint alleged 1st Amendment violations and also alleged 13th and 14th Amendment violations as per §1981. On 9-13-01 the Court dismissed plaintiff's §1981 claims and her supplemental claims. However, the court denied the defendants' motion as to plaintiff's 1st Amendment claims. On 8-30-01 the plaintiff settled (on her own) a claim against the Department of Veteran Affairs, an agency of the federal governmental (see Defendants' Exhibit "B"). That agreement left the resolution of damages in the underlying

"administrative Title VII" matter, by express agreement of the parties, to this Court (unless this Court would refuse jurisdiction of course.) Consequently, plaintiff argues that this Court should not only deny defendants' motion for summary judgment, but allow the parties to proceed on both 1st Amendment and Title VII claims. Although the language of the agreement refers to "settlement" of all claims and disputes between the parties in after "Forums", the plain meaning is simple – damages on the Title VII matters should be decided here.

### B.) Factual History

Sammi Wright is a social worker employed by the federal government. She works at the VA Regional Medical Center in Lebanon Pennsylvania. She had been employed by the VA for almost 20 years when her pay was docked by Ms. Hadrick, Mr. Shreve, and Ms. Szabo. She wrote to Senator Arlen Specter complaining about VA policies and also mentioned her personal travails. Soon, her pay was returned, but her troubles just began. The defendants notably and shamefully avoided mentioning in their brief, that she was dismissed from her job from January 2001 until September 2001 by the VA (because of the defendants misconduct) and given back pay and had her record expunged by settlement. She did accept a suspension (30 days?). As part of the settlement (Defendants Exhibit "B")

2

but only because she was financially destitute. She negotiated this settlement herself, pro-se. Only the objective neutrality of Administrative Law Judge Lystra A. Harris (see plaintiff's Exhibit "H") saved plaintiff from the dismissal of her claim by the VA (plaintiff opted for an administrative handling of her complaint to save money). Judge Harris also found that the §1981 and §1983 claims that plaintiff filed in this Court were properly filed in the United States District Court (See Exhibit "H"). Ironically, according to Judge Harris, the underlying administrative claims proceeded to settlement on racial grounds. The defendants belatedly argue that the holding of Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404 (1983) governs this case. This is after they agreed to have this Court hear damages on the Title VII matter. Plaintiff argues, as a matter of judicial economy, that it's too late. Further, as defendants reveal in a frighteningly Freudian way, the Supreme Court has specifically found that no such claim (a First Amendment deprivation claim) is cognizable against a federal employees' superiors, Defendants brief at page 10. This is frightening to say the least. If it's the law it should be put forward in a straight forward way because Congressional review is sorely needed. With Arlen Specter as a factor he should be put on notice because Congressional review may be needed. The Congress should be confronted with this arguably unconstitutional state of

affairs which created a different class of 1st Amendment rights for those that need protection most, ie, federal whistle blowers. Mr. Ashcroft, a great civil libertarian will have an opinion on this hopefully.

Lastly, defendants argue that Ms. Wright did not speak out on matters of public concern. This brief is in opposition to defendants' motion for summary judgment.

**II.)  Issue**

1.) Whether plaintiff has stated a claim?

2.) Whether defendants are entitled to summary judgment as a matter of law?

**III.) Argument**

The defendants' statement of issues leaves much to be desired because they are so general. Defendants appear to argue that <u>Bush</u> (no pun intended) gives them license to avoid original jurisdiction by federal district courts of any 1st Amendment claim where a federal employee criticizes the government and then gets retaliated against by a supervisor. Now added to that is the muddle headed theorem that the fox can watch the hen house and the "statutory and regulatory scheme" built by the federal bureaucracy is adequate to protect the right of whistle blowing government employees (federal of course) from the chilling effects of anti-personnel actions that

4

might quell responsible dissent. How terribly obnoxious to all we purport to stand for as a nation, and how dangerous to our political well being. Apparently the government hadn't discovered <u>Bush</u> when they argued before Judge Harris?

Now, after they have waived their objections in the 8-30-01 agreement, they want to come back to this court and argue the retaliation claim should be thrown out. Besides, this is not just a free speech case, it's an access to the courts case since the plaintiff alleges she was punished for filing her EEOC and EEO claims. Is the regulatory and statutory scheme enacted by the federal bureaucy (even the Department of Justice which is peopled by defenders and protectors of our rights) adequate to protect the rights of American citizens reporting to the press and public on matters of pubic concern? There are some distinguishing factual issues. In <u>Bush,</u> the underlying claim was defamatory and it was critical of the agency. Here, Ms. Wright criticized not only the VA, but starts off "I would like to know why Mental Health Services to veterans are being cut" (Plaintiffs Exhibit "C"). Sounds like an American citizen criticizing government policy in general terms. Are we to allow the fox to decide this one too? Hopefully not. Sammi does go on to criticize her agency. And she paid dearly for it. Unlike the defendants who only put selective parts of Sammi's deposition in their brief,

5

Sammi did not limit her claims of constitutional deprivation to racial matters (see plaintiff's Counterstatement of Material Facts). Lastly, with all due respect to defendants' efforts to use <u>Bush</u> here the landscape has changed. See <u>Baldassare v. New Jersey</u>, 250 F.3d 188 (3d Cir. 2001).

Lastly, an estoppel should apply against defendants in the interest of judicial economy. Where was <u>Bush</u> when needed?

                                                 Respectfully Submitted,

                                                 _____
                                                 BAILEY STRETTON & OSTROWSKI
                                                 Don Bailey Esquire
                                                 4311 N. 6th Street
                                                 Harrisburg, PA 17110
                                                 (717) 221-9500

October 21, 2002

## **CERTIFICATE OF SERVICE**

I, Don Bailey do hereby certify that on this **21ST OCTOBER 2002** I served a true and correct copy of *PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CONCISE STATEMENT OF MATERAL FACTS* upon the attorneys below by First class-postage prepaid mail :

MARY CATHERINE FRYE ESQUIRE
ASSISTANT U.S. ATTORNEY
228 WALNUT STREET
HARRISBURG, PA 17108

_____
Don Bailey Esquire