ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMI D. WRIGHT, | : |
| Plaintiff, | : 1:CV-00-1657 |
| v. | : (Judge Conner) |
| BEULAH HADRICK, CHARLEEN SZABO, SCOTT SHREVE and RAY KENT, | : |
| Defendants | : |

FILED
HARRISBURG, PA
OCT 2 3 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANTS' REPLY BRIEF

This is a civil rights action brought by an employee of the Department of Veterans Affairs ("VA") against four supervisory or managerial employees of the same agency. Presently before the Court is defendants' Motion for Judgment on the Pleadings or for Summary Judgment. Plaintiff filed her brief in opposition on or about October 21, 2002. Defendants file this Reply Brief in response thereto.

Plaintiff seems to make two arguments in her brief: that defendants waived the right to assert failure to state a claim by entering into a settlement agreement which reserved the issue of damages,[1] and that Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404

---

[1] As set forth below, defendants were not parties to the settlement agreement referenced. The settlement agreement was between Sammi Wright and the Department of Veterans Affairs, which is not a party to this lawsuit.

1

(1983) is wrong. Defendants will address these arguments, and other minor points, in the order in which they are presented by plaintiff.

Plaintiff claims that "damages on the Title VII matters should be decided here." Plaintiff's Brief, at 2. Apparently plaintiff is arguing both that defendants waived the defense of failure to state a claim by reserving damages in plaintiff's Merit Systems Protection Board settlement,[2] and that her Title VII claim should be revived because of that reservation of damages. Plaintiff seems to overlook, however, that she filed this lawsuit against four individuals, not against the Department of Veterans Affairs. The only proper defendant in a Title VII action is the head of the employing agency, in his official capacity. 42 U.S.C. § 2000e-16(c). Damages, if any, are assessed against the agency. 42 U.S.C. §§ 2000e-5(g)(1), 2000e-16(d). Ms. Hadrick, Ms. Szabo, Dr. Shreve and Mr. Kent cannot possibly, under any set of facts, be liable to plaintiff under Title VII.

Defendants would also note that the agreement referenced, which is Exhibit B to defendants' main brief, is between Sammi Wright and the Department of Veterans Affairs, not between Sammi

---

[2] The Civil Service Reform Act of 1978 gave the Merit Systems Protection Board authority to review agency personnel actions. 5 U.S.C. §§ 1205, 7543(d), 7701. Appeals from MSPB decisions may be heard only by the United States Court of Appeals for Federal Circuit. 5 U.S.C. § 7703; 28 U.S.C. § 1295.

2

Wright and any of the individual defendants. It is absurd to suggest that the Department of Veterans Affairs could somehow make four of its employees individually liable to a fifth employee by settling an MSPB case with the fifth employee.

On page 2 of her brief, plaintiff states that "defendants notably and shamefully avoided mentioning in their brief, that she was dismissed from her job from January 2001 until September 2001 by the VA . . . ." Plaintiff is mistaken. Defendants referenced Ms. Wright's discharge and reinstatement at page 2 of their brief, and in fact attached a copy of the settlement agreement reinstating Ms. Wright as Exhibit B.

At page 3 of her brief, plaintiff states that "Judge Harris also found that the §1981 and §1983 claims that plaintiff filed in this Court were properly filed in the United States District Court (See Exhibit "H")." The brief plaintiff served on defendants' counsel does not have an Exhibit H; nor is there an Exhibit H attached to defendants' main brief. Regardless, an administrative judge cannot confer jurisdiction on a United States District Court.

Plaintiff goes on to argue that defendants' citation to <u>Bush v. Lucas</u> is both frightening and Freudian. Plaintiff's brief, at 3. At page 4, plaintiff characterizes defendants' argument based on <u>Bush</u> as a "muddle headed theorem that the fox can watch the hen house." The undersigned is not sure how to respond to this

3

argument. <u>Bush</u> clearly holds that a federal employee covered by the Civil Service Act may not recover damages from his supervisor for violation of First Amendment rights. Plaintiff apparently disagrees with the Supreme Court's decision. Nevertheless, unless and until the Supreme Court overturns <u>Bush</u>, plaintiff does not have a cause of action against defendants for violation of First Amendment rights.

At page 4 of her brief, plaintiff states that "defendants argue that Ms. Wright did not speak out on matters of public concern." This is not an accurate characterization of defendants' position. Defendants have never disputed that Ms. Wright's letter to Senator Specter included reference to matters of public concern.

For the first time in this litigation, at page 5 of her brief, plaintiff claims that "this is not just a free speech case, it's an access to the courts case since the plaintiff alleges she was punished for filing her EEOC and EEO claims." Plaintiff has not been denied access to the courts, and defendants can discern no nexus between a denial of access to the courts claim and an allegation of retaliation for filing EEO claims. In any case, plaintiff cannot avoid summary judgment by making up a new claim at this late stage of the case.

At page 6 of her brief, plaintiff argues that "the landscape has changed," and cites <u>Baldassare v. New Jersey</u>, 250 F.3d 188

4

(3rd Cir. 2001). Baldassare did not involve a federal employee. In addition, the Third Circuit Court of Appeals cannot overturn Supreme Court precedent. Accordingly, the Baldassare case is irrelevant to this case.

Finally, plaintiff argues that "estoppel should apply against defendants." Plaintiff's brief, at 6. Plaintiff does not explain why estoppel should apply against the defendants, or what the defendants should be estopped from doing. Assuming that plaintiff is suggesting that the MSPB settlement (Exhibit B to defendants' main brief) should estop defendants from raising the defense of failure to state a claim, defendants would again point out that the MSPB settlement was between Ms. Wright and the Department of Veterans Affairs, not between Ms. Wright and these defendants. Any estoppel based on the MSPB settlement would run against the agency, not against individual employees of the agency.

As noted in defendants' main brief, the test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). There is no set of facts which plaintiff can assert that will entitle her to damages from the individual defendants for violation of her First Amendment rights. Bush v. Lucas, *supra*. Accordingly, defendants are

5

entitled to judgment as a matter of law.

For purposes of considering defendants' Motion for Summary Judgment, the Court should consider the evidence submitted by the parties. Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The non-moving party must go beyond the pleadings by his own affidavits, or by "depositions, answers to interrogatories and admissions on file," and designate "specific facts showing that there is a genuine issue for trial." *Id.*, at 324.

Here, plaintiff has attached as exhibits letters related to the docking and reinstatement of her pay in April of 2000 (Exhs. A and B), letters to and from Senator Specter (Exhs. C though E), a letter to the American Civil Liberties Union (Exh. F), and the transcript of plaintiff's deposition (Exh. G). None of this information contradicts the evidence relied upon by defendants in their motion for summary judgment.

The undisputed evidence, set forth in greater detail in defendants' main brief, reveals that Ms. Wright chronically disobeyed the orders of her supervisors, refused to account for her time, and was rude to and uncooperative with her co-workers. Hadrick Dep., pp. 36-60, 81-84, 168-77 (Exh. D to main brief);

6

Kent Dep., pp. 36-39, 46-69 (Exh. E to main brief); Shreve Dep., pp. 6-11, 12-15, 18-22, 29-30, 45-46 (Exh. F to main brief).  It also reveals that plaintiff was subjected to the same requirements applied to other employees.  Hadrick Dep., pp. 66, 69, 72-73, 173, 196 (Exh. D to main brief); Kent Dep., pp. 42-44 (Exh. E to main brief); Shreve Dep., pp. 9-10, 31 (Exh. F to main brief).  Plaintiff has produced no evidence to the contrary. Further, the undisputed evidence reveals that the main incident of "retaliation" she claims to have suffered, the docking of her pay, occurred <u>before</u> she wrote the letter to Senator Specter. Cpt., ¶ 17; Wright Dep., pp. 11, 31, and Exhibits 1, 2 thereto (Exh. C to main brief).  Finally, the evidence of record indicates that any actions taken against plaintiff were related to her poor performance and not to her letter to Senator Specter. Shreve Dep., p. 33 (Exh F to main brief).  The record contains no evidence of violation of plaintiff's First Amendment rights, and extensive evidence that any actions taken against her would have been taken absent any exercise of First Amendment rights. Because plaintiff has produced no evidence raising a disputed issue of material fact, defendants are entitled to judgment as a matter of law.

7

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court entire judgment in favor of the defendants.

                              Respectfully submitted,

                              THOMAS A. MARINO
                              United States Attorney

                              *Mary Catherine Frye* (signature)

                              MARY CATHERINE FRYE
                              Assistant U.S. Attorney
                              228 Walnut Street
                              Harrisburg, PA 17108
                              (717) 221-4482

Dated: October 23, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMI D. WRIGHT, | : |
| | : Civil Action No. 1:CV-00-1657 |
| Plaintiff, | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| BEULAH HADRICK, CHARLEEN SZABO, SCOTT SHREVE and RAY KENT, | : |
| | : |
| Respondents | : |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 23rd day of October 2002, she served a copy of the attached

**DEFENDANTS' REPLY BRIEF**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S)

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

*Dawn L. Mayko*
DAWN L. MAYKO
Legal Assistant