IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMI D. WRIGHT, | : CASE NO. 1:CV-00-1657 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| BEULAH HADRICK, CHARLEEN | : |
| SAZBO, SCOTT SHREVE and | : |
| RAY KENT, | : |
| | : |
| Defendants | : |

**MEMORANDUM**

Presently before the court is defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment. (Doc. 26). The parties have fully briefed the issues, and the matter is ripe for disposition.

I.     **Factual Background**

Plaintiff, Sammi D. Wright ("Wright") served as a social worker with the United States Veterans Administration ("VA") hospital in Lebanon, Pennsylvania. (Doc. 28, ¶ 1 & Doc. 36, ¶ 1). In February 2000, the hospital placed Wright's program under the supervision of the "Extended Care Program". Id. at ¶ 2. As a result, defendants Beulah Hadrick ("Hadrick") and Scott Shreve ("Shreve") became her supervisors. Id. Defendant Ray Kent ("Kent") serves as the VA hospital's Director of Human Resources, and defendant Charleen R. Sazbo, ("Sazbo") acts as Chief Executive Officer for the institution. (Doc. 1, ¶¶ 9-10).

Wright alleges that from the time she began working for Hadrick, she experienced harassment. Id. In March 2000, defendants withheld eight hours' worth of plaintiff's compensation, claiming that she had been absent without leave. (Doc. 28, ¶ 3 & Doc. 36, ¶ 3). Plaintiff then wrote to Senator Arlen Specter concerning conditions for veterans at the hospital, and the docked pay incident. Id. at ¶ 4. Defendants restored the withheld compensation. Id. at ¶ 5.

Plaintiff further asserts that the harassment intensified following her communications with Senator Specter. (Doc. 35). She filed the instant complaint on September 18, 2000. (Doc. 1). On January 8, 2001, defendants terminated Wright's employment. (Doc. 29, Ex. B). Pursuant to the terms of a settlement agreement promulgated by the United States Merit Systems Protection Board, defendants reinstated her employment and provided backpay in August 2001. Id.

The original complaint alleged deprivation of constitutional rights under the Thirteenth and Fourteenth Amendments to the United States Constitution, state law intentional interference with a contractual relationship, and retaliation in violation of the First Amendment right to free speech. (Doc. 1). On September 13, 2001, the court dismissed all counts of plaintiff's complaint except the First Amendment retaliation claim. (Doc. 14). Defendants filed the instant motion for judgment on the pleadings or, in the alternative, summary judgment on October 1, 2002. (Doc. 26). They contend that the court cannot grant plaintiff relief under the First Amendment retaliation claim. Id. In the alternative, defendants assert that the undisputed material facts require the court to enter summary judgment in their favor. Id.

2

**II.      Defendants' Motion for Failure to State a Claim Upon Which Relief Can be Granted**

   **A.     Legal Standard**

A motion for judgment on the pleadings falls within the ambit of Federal Rule of Civil Procedure 12(b)(6). See FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) provides for dismissal of a claim which fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

"In determining whether a claim should be dismissed under [Federal] Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Ben. Guar. Corp. v. White Consol. Ind., 998 F.2d 1192, 1196 (3d Cir. 1993). Finally, the court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

3

### B.     Discussion

During all events in question, plaintiff was employed by the United States Department of Veterans Affairs. (Doc. 28, ¶ 1 & Doc. 36, ¶ 1). As a federal employee, Wright enjoys the civil service protections enumerated in the Civil Service Reform Act of 1978 ("CSRA"). See 5 U.S.C. §§ 1101 et. seq. This statute provides administrative avenues for federal civil servants who wish to challenge allegedly unlawful employment procedures. See id. The record demonstrates that Wright is eligible for the administrative protections set forth in the CSRA. (Doc. 29, Ex. B). In fact, she has taken advantage of these procedures. Id. Defendants reinstated plaintiff's employment pursuant to the terms of a settlement agreement authored by Merit Systems Protection Board. Id.

The United States Supreme Court has held that federal employees covered by the CSRA cannot recover damages from their supervisors for alleged First Amendment violations. Bush v. Lucas, 462 U.S. 367, 390 (1983); Mitchum v. Hurt, 73 F.3d 30, 34 (3d Cir. 1995); Urban v. Henderson, 2001 WL 484119 at *7 (E.D.Pa. 2001). The facts in Bush are analogous to the present action. See Bush, 462 U.S. at 371. The plaintiff, a federal employee, sought damages from his employer for alleged retaliation in violation of the First Amendment. Id. The Court reasoned that Congress constructed an "elaborate remedial system," in the CSRA. According to the Bush Court, this remedial system adequately addresses the needs of federal employees whose employers engage in unlawful employment practices. Id. at 389.

The protections set forth in the CSRA provide Wright with an adequate avenue for relief. The CSRA prohibits federal employers from taking any adverse employment action against an employee as a result of that employee's exercise of "any appeal, complaint or grievance right granted by any law, rule or regulation." 5 U.S.C.

4

§ 2302(b)(9). Wright may seek redress for defendants' alleged acts of First Amendment retaliation through those administrative avenues provided in the CSRA.

In Mitchum v. Hurt, 73 F.3d 30 (3d Cir. 1995), the Third Circuit Court of Appeals clarified Bush, opining that plaintiffs covered by the CSRA could seek injunctive or declaratory relief from alleged First Amendment violations through the federal courts. Mitchum, 73 F.3d at 36. Following Bush, the Mitchum court refused to allow plaintiffs to bring an action for damages against their federal employer. See id. at 36. Wright's complaint does not seek injunctive or declaratory relief. (Doc. 1). Wright requests "judgement [sic] of the defendants . . . together with fees, costs, attorneys fees, and such other relief, including punitive damages, as the Court may deem appropriate." Id. at p. 6. Clearly, the Mitchum exception for injunctive or declaratory relief does not apply to Wright's First Amendment retaliation claim.

Plaintiff's counsel challenges the wisdom of the Supreme Court's reasoning in Bush. (Doc. 35). Regardless of counsel's view of the merits of Bush v. Lucas, this court has no authority to overrule applicable Supreme Court precedent. Plaintiff's counsel also states "Besides, this is not just a free speech case, it's an access to the courts case since the plaintiff alleges she was punished for filing her EEOC and EEO claims." (Doc. 35). Counsel makes no further argument regarding an "access to the courts" cause of action. A conclusory statement, without supporting argument, will not suffice to bring an issue before the court. Pennsylvania v. U.S. Dept. of Health and Human Svcs., 101 F.3d 939, 945 (3d Cir. 1996).

5

In light of <u>Bush v. Lucas</u>, <u>supra</u>, plaintiff's First Amendment retaliation allegations do not state a claim upon which relief can be granted. Therefore, the court will dismiss the action.[1]

An appropriate order will issue.

S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge

Date:     May 5, 2003

---

[1] In light of our disposition of defendants' motion for judgment on the pleadings, defendants' motion for summary judgment is moot.