NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2597

SAMMI D. WRIGHT,

Appellant

v.

BEULAH HADRICK;
CHARLEEN SAZBO;
SCOTT SHREVE;
RAY KENT

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-01657)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
on
January 13, 2004
Before: SLOVITER, RENDELL, and ALDISERT, Circuit Judges.

(Filed February 10, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Sammi D. Wright appeals from an order entered in the District Court granting Defendants' motion to dismiss her First Amendment retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] Wright argues that this Court should entertain a damages claim for this alleged violation of her free speech rights. Because this remedy is expressly forbidden by clear precedent, Bush v. Lucas, 462 U.S. 367 (1983), we will affirm.

The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's ruling on a motion to dismiss for failure to state a claim is plenary. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

As we write solely for the parties, we recite only those facts necessary to our analysis. Wright alleges that her supervisors at a federal veterans hospital unlawfully discharged her in retaliation for a letter she wrote to her senator, complaining about conditions for veterans at the hospital. In September 2000, Wright filed a First Amendment retaliation claim with the District Court based on this allegation.[2] In May

---

[1] The District Court referred to the motion in passing as one for judgment on the pleadings rather than one for failure to state a claim. However, because the Court relied solely on Fed. R. Civ. P. 12(b)(6) in its analysis, we review the dismissal on grounds of failure to state a claim.

[2] In addition to the First Amendment claim, the original complaint included allegations of Thirteenth and Fourteenth Amendment violations involving racial harassment as well as a claim of state law intentional interference with a contractual relationship. The District Court granted Defendants' motion to dismiss these claims in September 2001. Wright did not appeal this dismissal.

2003, the District Court granted Defendants' motion to dismiss the claim, relying on Bush.

In Bush, the Supreme Court held that where a federal employee claims his or her First Amendment rights have been violated by a superior, and where the employee is protected by an "elaborate" and "comprehensive" scheme such as the Civil Service Reform Act of 1978 ("CSRA"),[3] courts must decline to augment such an Act by "creat[ing] . . . a new judicial remedy for the constitutional violation at issue." Bush, 462 U.S. at 388, 390. Following Bush, our Court, in Mitchum v. Hurt, 73 F.3d 30 (3d Cir. 1995), clearly acknowledged that the CSRA provides the sole remedy for damage claims brought by federal employees who are subject to its protections. Id. at 35. We added, however, that where such employees seek declaratory and/or injunctive relief for alleged violations of their constitutional rights, courts may still entertain the claim. Id. at 36.

First, Wright argues that we should stretch Mitchum to reach cases where damages are sought by federal employees. Second, and alternatively, Wright argues that Bush is unconstitutional and should be overruled.[4]

---

[3] Pub.L. 95-454 (codified at various sections of Title 5 U.S.C.). The CSRA affords remedies for federal civil servants challenging allegedly unlawful employment practices.

[4] We have considered Wright's two other contentions 1) that she is entitled to receive a judgment for damages in this Court because prior settlement agreements between the parties state that any damages related to the settlements may be paid in other forums; and 2) that the Defendants waived their right to rely on Bush because they raised it too late below. With regard to the first contention, of course, parties may not stipulate a right of action or a remedy where it is otherwise prohibited by Congress. The second contention lacks sufficient merit to warrant further discussion, because the Defendants

It is undisputed that Wright is a federal employee who enjoys the protections afforded by the CSRA. Therefore, it seems clear that Bush controls and that Wright is precluded from raising a damages claim here. Nevertheless, Wright puts forth a perplexing argument that we should broaden Mitchum so that it will apply to federal employees' actions for damages. Clearly, this is impossible because doing so would directly contradict the holding in Bush. Alternatively, Wright urges us to declare Bush unconstitutional and to overrule it. Quite obviously, however, we are not authorized to overturn a Supreme Court decision. Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989); McMahon v. McDowell, 794 F.2d 100, 108 (3d Cir. 1986) (citations omitted).

Therefore, because the District Court correctly granted the Defendants' motion to dismiss for failure to state a claim, we will affirm.

---

raised an objection based on Bush even before the District Court wrote its opinion dismissing the First Amendment claim. Therefore, these contentions are without merit.